UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VICTOR A. SALAZAR, JR., ) | |
| ) | |
| Petitioner ) | |
| ) | CAUSE NO. 3:11-CV-113 RM |
| vs. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent ) | |

OPINION AND ORDER

Victor A. Salazar, Jr., a *pro se* prisoner, moves for reconsideration of the court's order denying his habeas petition challenging a prison disciplinary sanction. (DE 16.) The facts underlying the petition were fully set forth in final order and won't be repeated here, except as is relevant to the present motion. (*See* DE 14.) Mr. Salazar argues that this court misinterpreted one of his claims; he says his claim wasn't that the hearing officer improperly credited the statements of adverse witnesses, but that she didn't adequately explain her reasons for doing so in her written statement. (DE 16 at 7-8.)

Due process requires that an inmate subject to disciplinary action be provided with "a written statement by the factfinder[] as to the evidence relied on and the reasons for the disciplinary actions." Wolff v. McDonnell, 418 U.S. 539, 564-565 (1974). The written statement requirement "is not onerous," and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." Scruggs v. Jordan, 485 F.3d 934, 940 (7th Cir. 2007). "[T]he kind of statements that will satisfy the constitutional minimum will vary from case to case depending on the severity of the

charges and the complexity of the factual circumstances and proof offered by both sides." Culbert v. Young, 834 F.2d 624, 631 (7th Cir. 1987).

As outlined in the final order, Mr. Salazar's case didn't involve complex factual or legal issues. The only disputed issue was whether Mr. Salazar had accepted mail containing contraband. The hearing officer's brief statement it adequately set forth the evidentiary basis for her decision, namely, her reliance on witness statements indicating that Mr. Salazar had signed for and thus accepted the mail in question. (DE 14 at 3.) In fact, all the witnesses involved attested that Mr. Salazar signed for the mail. (*Id.* at 2.) As Mr. Salazar points out in his motion, he and one of the guards stated that although he signed for the mail, he told prison staff it wasn't his before it was opened. (*See id.* at 2-3.) Other witnesses attested that Mr. Salazar didn't disavow the mail until a few minutes later when it became apparent that the contraband inside had been or was about to be discovered, (*id.*) and the hearing officer obviously chose to credit those statements. "As there is no mystery about [the hearing officer's] reasoning process," her brief statement of reasons was constitutionally adequate. *See* Saenz v. Young, 811 F.2d 1172, 1174 (7th Cir. 1987) (statement was sufficient where it indicated reliance on officer's statement which conflicted with inmate's account, since it was clear the board believed the officer and disbelieved the inmate); *see also* Culbert v. Young, 834 F.2d at 631 (brief statement was sufficient where the only issue to be decided was the relative credibility of witness accounts, and it was clear whose account the board had credited).

For these reasons, the court DENIES the motion to reconsider (DE 16).

2

SO ORDERED.

ENTERED: February 16 , 2012.

      /s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: V. Salazar, Jr.
   P. Moran-DAG